Filed 9/30/15  P. v. Berry CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>LARRY WAYNE BERRY,<br><br>      Defendant and Appellant. | B260904<br><br> (Los Angeles County<br> Super. Ct. Nos. MA056156,<br>MA060394) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Daviann L. Mitchell, Judge.  Affirmed.

David R. Greifinger, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record, we affirm the judgment. We provide the following brief summation of the factual and procedural history of the case. (*People v. Kelly* (2006) 40 Cal.4th 106, 110, 124 (*Kelly*).)

## BACKGROUND

On April 18, 2012, Larry W. Berry (Berry) went to a Target store in Palmdale and took a bicycle and two packs of batteries without paying. Berry was charged with second degree burglary (Pen. Code, § 459[1]) and petty theft with three priors (§ 666, subd. (a)), with nine prior convictions that qualified as prison priors and prior felonies.

On July 28 and August 1, 2013, Berry went to a CVS store in Palmdale and took items valued at $200 or more without paying. Berry was charged with two counts each of second degree commercial burglary (§ 459) and petty theft with three priors (§ 666, subd. (a)), with nine prior convictions that qualified as prison priors.

### A.   *Trial court proceedings*

The trial court consolidated the cases, denied Berry's *Marsden*[2] motion to relieve his counsel, denied Berry's counsel's request to declare a doubt about Berry's competence and, after accepting his *Faretta*[3] waivers, granted Berry's request to proceed pro. per.

While pro. per., Berry filed several motions, including requests for ancillary funds, for discovery, to set aside counts, for continuance, and for a different judge to preside over his case. Before the new judge, Berry eventually sought appointment of counsel, which was granted. Berry's new counsel filed a motion to set aside the information under section 995.

---

[1] All further statutory references are to the Penal Code.

[2] *People v. Marsden* (1970) 2 Cal.3d 118.

[3] *Faretta v. California* (1975) 422 U.S. 806 [95 S.Ct. 2525, 45 L.Ed.2d 562].

### B. Berry's guilty pleas and trial court's sentencing

Berry pleaded guilty to three counts of petty theft with three prior theft convictions and admitted the prior-enhancement offenses, as set forth in the amended information. The trial court sentenced Berry to 13 years and four months in county jail: 12 years for the April 18, 2012 related count (upper term of three years plus one year for each prison prior) and eight months each for the July 28 and August 1, 2013 related counts (one-third the midterm of 24 months). However, the trial court suspended execution of the sentence and placed Berry on probation for five years.

### C. July 11, 2014 (probation violation)

A month after the sentencing, Berry went to a Pep Boys store in Palmdale on July 11, 2014 and took an impact gun and two sockets without paying. The trial court held a hearing on August 12, notifying Berry of the alleged probation violation. After rejecting the district attorney's offer of the prior sentence, Berry requested a formal hearing.

On October 10, the trial court held a formal hearing with testimony. After finding that Berry had violated the terms of his probation, the trial court revoked the probation and imposed the previously suspended sentence, with 185 days of presentence custody credit.

### D. Appeal and Proposition 47 reduction

Berry timely filed a notice of appeal. Pursuant to Proposition 47 (a statewide initiative approved on Nov. 4, 2014 reducing certain crimes from a felony to a misdemeanor), the trial court changed the three counts from felonies to misdemeanors. The trial court sentenced Berry to 18 months in county jail (180 days for each count), with the same presentence custody credit.

### WENDE REVIEW

After review of the record, Berry's court-appointed counsel filed an opening brief requesting that this court independently review the record to determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d at p. 441.) On July 31, 2015, we attempted to send a letter to Berry to notify him of his right to file a brief in pro. per.,

3

but the letter was returned because Berry had been released from jail.  We have no other address for Berry.  Berry's counsel earlier reported that Berry has been deported.

We have examined the record in accordance with our obligations under *Wende*, *supra*, 25 Cal.3d. 436.  We are satisfied that Berry received adequate and effective appellate review of the judgment in this action, that his counsel fully complied with his responsibilities, and that no arguable issues exist.  (*Kelly*, *supra*, 40 Cal.4th at pp. 109–110; *Wende*, at p. 443.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


JOHNSON, J.


We concur:


CHANEY, Acting P. J.


LUI, J.